EDWARD P. STARR, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Starr v. Commissioner
Docket No. 12796-82.
United States Tax Court
T.C. Memo 1984-478; 1984 Tax Ct. Memo LEXIS 191; 48 T.C.M. (CCH) 1063; T.C.M. (RIA) 84478; September 10, 1984. Edward P. Starr, Jr., pro se. Genelle Forsberg, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner's income tax for 1979 of $1,608.55. The issues for our determination are: *192 1) whether an amount petitioner paid as attorney's fees is deductible under section 215(a) [1] and 2) whether amounts petitioner is required to pay pursuant to paragraph eight of his divorce decree are fixed as child support within the meaning of section 71(b). This case was submitted fully stipulated under Rule 122. [2] The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in St. Paul, Minnesota, when his petition was filed. Petitioner was divorced from Phyllis Starr on August 13, 1973, pursuant to a Judgment and Decree of the District Court of Ramsey County, Minnesota. Paragraph eight of the Judgment and Decree provided: That as additional support for the minor children, [petitioner] shall pay to [Phyllis Starr] 25% of the increase in the net taxable income of [petitioner] up to $10,000.00 of additional net taxable income and shall pay 10% of the net taxable income of the next $20,000.00 of increased taxable *193 income * * *. At such time as there shall be no children requiring support, then [petitioner] shall pay to [Phyllis Starr] as and for alimony one-half of the amount computed by the aforesaid formula which shall continue so long as [petitioner] is required to pay alimony. No payments were due under paragraph eight for 1973. For 1974-1978, the payments due under paragraph eight and the amount of those payments which were unpaid as of January 1, 1979, are: Year
Amount Due
Amount Unpaid
1974
$2,269.50
$ 626.62
1975
$2,713.30
$2,713.30
1976
$3,318.50
$3,318.50
1977
$1,608.50
$1,608.50
1978
$3,209.80
$3,209.80
On November 28, 1978, the District Court of Ramsey County, Minnesota, held petitioner was liable to Phyllis Starr for the unpaid amounts listed above due under paragraph eight, $1,350.00 due under paragraph thirteen of the Judgment of Divorce and Decree for orthodontia for petitioner's children, and $150.00 for attorney's fees incurred establishing petitioner's liability for those amounts. The court ordered that on January 1, 1979, and the first day of each month thereafter, petitioner was to pay Phyllis Starr $125.00, $100.00 of which *194 was to be applied to the amounts due under paragraph eight, and $25.00 of which was to be applied to the orthodontia bill. During 1979, the following amounts were due from petitioner to Phyllis Starr: 1979 child support under paragraph six of
the Judgment and Decree
$ 4,800.00
1979 alimony under paragraph six
$ 3,600.00
1979 paragraph eight payment
$ 3,548.23
Paragraph eight arrearages under court order
$ 1,200.00
Orthodontia payments under court order
$ 300.00
$13,448.23
Petitioner paid $10,075.00 to Phyllis Starr during 1979. Petitioner considered $5,100.00 of this amount child support and did not deduct it. [3] Petitioner deducted the remaining $4,975.00 as alimony pursuant to section 215(a). Respondent disallowed all but $151.77 of that amount. Petitioner now acknowledged that $75.00 of the $4,975.00 he deducted was paid for attorney's fees pursuant to the court order of November 28, 1978. This amount is not deductible under section 215(a) [4]. *195 The only issue regarding the remaining $4,900 is whether the payments pursuant to paragraph eight are fixed as child support within the meaning of section 71(b). If the paragraph eight payments are fixed as child support, they are not includible in Phyllis Starr's gross income under section 71(a) and are not deductible by petitioner under section 215(a). . Petitioner does not dispute that respondent's determination is correct if the paragraph eight payments are fixed as child support. [5]
It is our conclusion that the language of paragraph eight of the Judgment and Decree quoted above clearly specifies child support and alimony payments and the method for computing each. The paragraph eight child support payments are fixed as child support within the meaning of section 71(b). . Since petitioner's children required support in *196 1979, payments pursuant to paragraph eight in that year are fixed as child support. Accordingly, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.↩
2. All references to rules are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner regarded the $5,100.00 as payment of the paragraph six child support and the orthodontia bill.↩
4. See ; .↩
5. Respondent allocated the $4,900.00 as follows: ↩
1979 paragraph eight child support
$3,548.23
Paragraph eight child support
arrearages under court order
$1,200.00
Alimony
$ 151.77
$4,900.00